Johnston & V ance, Ex'rs, v. Wingfield.

---

JOHNSTON AND VANCE, Executors, Appellants, v. JAMES WINGFIELD, Curator, Respondent.

**Kansas City Court of Appeals, April 15, 1889.**

**Appellate Practice:** EXCEPTIONS TO THE RULINGS OF A REFEREE MUST BE SAVED, TO BE REVIEWED. Unless exceptions are taken to the ruling of a referee or brought to the attention of the trial court in the objections to the referee's report or in the motion for a new trial (there being no instructions in the case), there is nothing left for review by the appellate court.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

Statement by the court.

This suit is the result of two suits combined. The first suit was instituted in the probate court by Johnston and Vance, executors of Wm. B. Johnston, deceased, against James Wingfield, guardian of Samuel Johnston, minor, for a balance of $394.96 alleged to have been overpaid on rent of farm for the ten years that said Johnston occupied the same from March 1, 1877, to March 1, 1887. The statement showed the amount of payments and the time that the farm had been rented to their testator with the price to be paid per year. The statement made in the probate court showed the amount due from Johnston, not only for the period of nine years which he personally occupied the land as tenant, but also the amount due for the last of the ten years, in which year he died.

This claim was rejected by the probate court, and the case was appealed to the circuit court. While this case was pending in the circuit court, on the eighth day of June, 1887, said defendant Wingfield, as guardian of Samuel Johnston, brought suit in probate court against these plaintiffs, Johnston and Vance, executors of Wm. B. Johnston, for the rent of the farm for the year from March 1, 1886, to March 1, 1887, six hundred dollars.

To this claim the said executors, Johnston and Vance, answered that the estate of Johnston, deceased, did not owe, but that said guardian was indebted to said estate in the sum of $394.96, and that suit for the same was pending in the circuit court, and set up the further fact that the item for which said Wingfield had sued was embraced in said suit, and pleaded the same as a complete bar and adjudication; but notwithstanding this answer and plea and the facts as stated being presented to the said probate court, he gave judgment in favor of said Wingfield for the amount of said claim, to-wit, six hundred dollars, it being the amount of said rent for the year ending March 1, 1887, whereupon

Johnston and Vance, executors, appealed to the circuit court; whereupon the two cases were consolidated and referred to a referee.

*Yerby & Vance* and *D. D. Duggins*, for appellants.

(1) Johnston having paid Baker in the nine years more than was due him as the guardian, for the rent of the ward's farm, and not knowing of the mistake, paid Wingfield for one year's rent, making the sum sued for, in excess of what was actually due, and ought to have had judgment for the excess. *Moorat v. Wright*, 1 Wend. 335; *Bank v. Allen*, 59 Mo. 310, page 313; *Budd v. Eyerman*, 10 Mo. App. 437; *Davis v. Krum*, 12 Mo. App. 279; *Koontz v. Bank*, 51 Mo. 275; *Lyle v. Shermbarger*, 17 Mo. App. 66. The referee, in his report, finds a state of facts which would have the effect of barring respondent, and that would give the judgment to appellant; yet the referee, notwithstanding this finding of facts in favor of the appellant, gave judgment for the respondent. This is error and is expressly exceptionable. *Pomeroy v. Benton*, 6 Mo. App. 597; s. c., 77 Mo. 64. The proceedings to recover the amount overpaid by Baker were proper. Wingfield, the successor of Baker, took up the same estate, and carried on the guardianship. This same estate being in court and unsettled, proceedings in equity would have been improper. *Lexex v. Harrison*, 88 Mo. 495.

*Davis & Wingfield* and *Leslie. Orear*, for respondent.

(1) The referee excluded all the evidence offered by appellants, and appellants failed to save exceptions thereto, therefore, his ruling in excluding said evidence is conclusive against the appellants on appeal, and the ruling of the referee is not relied on in appellants' motion for a new trial, and the trial court's attention

was not called to said rulings of the referee in the appellants' motion for a new trial, and they must be regarded here as abandoned. *Backenstoe v. Railroad*, 23 Mo. App. 148 ; *DeReamer v. Exp. Co.*, 84 Mo. 529 ; *Hill v. Alexander*, 77 Mo. 296 ; *State ex rel. v. Richardson*, 77 Mo. 589 ; *Snell v. Harrison*, 83 Mo. 652 ; *Vineyard v. Matney*, 68 Mo. 105 ; *Simpson v. Schulte*, 21 Mo. App. 639 ; *Donahoe v. Maloney*, 14 Mo. App. 578.    (2)   The finding of a referee, in an action at law, has the effect of a verdict of a jury, and will not be disturbed or reviewed by the appellate court, if there is substantial evidence to support it, or any evidence to support it.    *Gimbel v. Pignero*, 62 Mo. 230 ; *Johnson v. Long*, 72 Mo. 210 ; *Hornblower v. Crandall*, 78 Mo. 581 ; *Whiting v. Crandall*, 78 Mo. 593 ; *McGinnis v. Mitchell*, 21 Mo. App. 493 ; *Ellison v. Bowman*, 29 Mo. App. 439 ; *Lee v. Dunn*, 29 Mo. App. 467 ; *Elson v. Leeper*, 29 Mo. App. 244; *Newman v. Newman*, 29 Mo. App. 649.    (3) This is an action at law, and in the absence of any declarations of law asked by appellants or given by the court, the presumptions are, that the court did not err in any rulings of law, and there is nothing for the appellate court to review.    *Gaines v. Fender*, 82 Mo. 497.

ELLISON, J.—There were a number of important objections to the testimony urged before the referee which were ruled against appellants, but no exception was taken, nor was such matter brought to the attention of the circuit court, either in the objections to the referee's report, or in the motion for new trial.    The effect of this is to affirm the judgment, for, as the report of the referee is taken as the verdict of a jury, and will be sustained if there be any evidence upon which it can be based, and, there being no instructions in the case, there is nothing left for review by this court.

The judgment is therefore affirmed.    All concur.